## McLaughlin v. McCrory.

Decided February 13, 1892.

1. *State—Land-titles.*
   A State possesses the power to provide for the adjudication of titles to real estate within its limits as against non-residents who are brought into court by publication only.

2. *Equity—Jurisdiction in rem—Land.*
   A court of equity in this State is empowered by statute to annul a deed and establish title to land within its jurisdiction by mere force of its decree, and to that extent its action is *in rem.*

3. *Constructive service—Local action.*
   A suit to cancel a fraudulent deed of land and revest title in the plaintiff is an action "for the recovery of real property, or of an estate or interest therein," within sec. 4994 Mansf. Dig., which must be brought in the county where the land lies, and may be prosecuted against a non-resident defendant by publication (*ib.*, sec. 5005).

CERTIORARI to *Woodruff* Circuit Court in chancery. MATTHEW T. SANDERS, Judge.

*J. C. Hawthorne* for petitioner.

1. The judgment is void for want of jurisdiction over the person of the petitioner. This was not brought for the recovery of land or any interest therein (Mansf. Dig., sec. 4994, sub-division 1), but to cancel title or remove a cloud, and is transitory, and the court must have jurisdiction of the person. 6 Cranch, 148; 18 How., 263; 42 Ark., 446; 4 Pet., 466; 9 Wall., 812; 95 U. S., 714; 6 Whart. (Pa.), 392. See also 47 Ark., 86.

2. The decree of a State court for the removal of a cloud upon title to land in the State rendered against a

citizen of another State cited by publication only, as directed
by local statutes, is no bar to an action by him in the United
States courts to recover the land against the former plaintiff.
110 U. S., 151 ; 72 Iowa, 245 ; 17 Fed. Rep., 873 ; 27 *id.*, 355 ;
35 *id.*, 86.   Generally, if not universally, equity jurisdiction
is exercised *in personam* and not *in rem,* and depends upon
the control of the parties, and not upon the place where the
land lies ;  and a bill to remove a cloud or cancel a deed for
fraud is a proceeding *in personam*.and not *in rem* ; and, in the
absence of express provisions of the statute, the proceeding
*in rem* by publication is void.   3 Sandf. Chy., 185 ; 7 N. Y.
Ch. (Co-op.), 818 ; 20 Tex., 334 ; 110 U. S., 151.

*W. R. Coody* for appellee.

The venue is local.   Mansf. Dig., sec. 4994.   Non-residents may be  proceeded against by  publication; and the
courts act *in rem.*   *Ib.,* secs. 4989, 4992, 4993 ; Acts 1887,
page 53; 42 Ark., 446; Mansf. Dig., sec. 3953; 38
Ark., 181.

COCKRILL, C. J.   This is a petition to this court for a writ
of *certiorari* presented by McLaughlin to quash a judgment
against him, rendered by the Woodruff circuit court.   Mc-
Crory was the judgment plaintiff.   He filed his complaint
against McLaughlin, alleging that the latter had obtained
from him through fraud a deed to lands lying in Woodruff
county, of which he, McCrory, was the owner.

The facts in relation to the fraud were spcifically set forth. *1. Jurisdiction of State courts over land titles.*
It being made to appear that McLaughlin was a non-resi-
dent of the State, he was summoned by warning order. He
failed to appear ; the court found that the allegations of the
complaint were true ; adjudged the cancellation of the deed
which McCrory had executed, and that the title be revested
in him.   McLaughlin now seeks to quash that judgment, ar-
guing that the court could act *in personam* only in cancelling
his title, and that, as it did  not  have  jurisdiction of his per-
son, the judgment is void.   To sustain that contention, he
relies upon the case of *Hart* v. *Sansom,* 110 U. S., 151.   The

syllabus of that case is misleading. It is to the effect that "a decree of a State court for the removal of a cloud upon the title of land within the State, rendered against a citizen of another State, who had been cited by publication only, as directed by the local statutes, is no bar to an action" by the non-resident defendant to recover the land in ejectment from the plaintiff in the suit prosecuted upon service by publication.

The conclusion announced in the syllabus is correct only where there is an absence of legislation conferring power upon the courts where the lands lie to exercise jurisdiction upon citation by publication, as in the nature of a proceeding *in rem*. Anciently, courts of equity exercised jurisdiction exclusively over the person of the defendant, refusing to interfere with or act upon the *corpus* of his estate. *Pickett* v. *Ferguson*, 45 Ark., 212. It is not probable that any such court is now so confined in its jurisdiction. If, however, the court which enters the decree in a given case is authorized to act therein *in personam* only, it acquires no jurisdiction by publication to grant relief. That is well settled, and that is the full extent to which it can be said the authority of the decision goes in *Hart* v. *Sansom*.

Judge Brewer reviews the cases upon this subject in *Arndt* v. *Griggs*, 134 U. S., 316, and announces for the court that the decisions of the Supreme Court of the United States coincide with the decisions of the various State courts in maintaining that a State possesses the power "to provide for the adjudication of titles to real estate within its limits as against non-residents who are brought into court only by publication," even though a court of equity where the defendant is found might be competent to force him to execute a release of his claim of title. That is the settled law. If it be conceded then that a suit to set aside a deed upon the ground that it was obtained by fraud is one that a court of equity could entertain by acting upon the person of the party who committed the fraud without regard to the *situs* of the land, it is only necessary to ascertain whether the

Woodruff circuit court has been empowered to divest title by force of its decree upon citation by publication.

Since 1837 the following provisions, found in Mansfield's Digest, have been the law of this State: " In all cases where the court may decree the conveyance of real estate, or the delivery of personal property, they (it) may, by decree, pass the title of such property without any act to be done on the part of the defendant, where it shall be proper, and may issue a writ of possession, if necessary, to put the party in possession of such real or personal property, or may proceed by attachment or sequestration." Sec. 3953. " When an unconditional decree shall be made for a conveyance, release or acquittance, and the party required to execute the same shall not comply therewith, the decree shall be considered and taken to have the same operation and effect, and be as available as if the conveyance, release or acquittance had been executed conformably to the decree." *Ib.*, sec. 3954. <span style="float:right">2. Jurisdiction of equity *in rem*.</span>

So far then from being confined to acting *in personam*, the courts of this State are empowered to annul a deed and establish title to lands within their jurisdiction by mere force of their decrees. To that extent their action is *in rem*. *Jones, McDowell & Co.* v. *Fletcher*, 42 Ark., 422, 446-7.

The code of civil procedure contemplates that every action which can be maintained by personal service of process may be maintained against a non-resident by publication, if property can be found upon which to exercise jurisdiction. It abolishes all forms of action (Mansf. Dig., sec. 4914–15), and provides generally that a civil action may be commenced by filing a complaint and issuing a summons for personal service, or by publishing a warning order where the defendant is a non-resident. *Ib.*, secs. 4967, 4975, 4989. If constructive service is resorted to, the action may be brought in any county where property of the defendant is found, unless it is one of the actions made local by the statute. Mansf. Dig., sec. 5005. Among these are actions "for the recovery of real property or of an estate or interest therein," <span style="float:right">3. Venue of action to cancel fraudulent deed.</span>

which must be brought in the county where the land lies.   *Ib.*,
4994.   Now if it be true that a court of equity may cause
a deed to be cancelled by acting *in personam* as in a transitory action, it is certain that when it attempts to accomplish
that result by the force of its own decree, it acts *in rem*.
*Jones, McDowell & Co.* v. *Fletcher*, 42 Ark., *sup*. That is
the common reason given for defeating the decree in those
cases where the court, having jurisdiction of the person of
a defendant, attempts by the mere force of its decree to
divest his title to lands lying beyond its jurisdiction—as in
another State.   In such a case the decree cannot have effect
because the land which it purports to act upon is not within
the jurisdiction of the court.   *Carpenter* v. *Strange*, 141 U.
S., 87 ; *Arndt* v. *Griggs*, 134 U. S., *sup.; Davis* v. *Headley*,
7 C. E. Green, 115 ; *Cooley* v. *Scarlett*, 38 Ill., 316 ; *Burnley*
v. *Stevenson*, 24 Ohio St., 474.   Because the decree in this
case does operate upon the land, the action was local, and
comes within the meaning of and is controlled by the section of the statute last quoted.   In the case of *Jones, Mc-
Dowell & Co.* v. *Fletcher*, 42 Ark., *supra*, it was ruled that
that section is broad enough to cover all actions at law or
in equity where the judgment or decree is to operate *in rem*.

As the court was empowered to cancel a deed obtained
by fraud by acting upon the land, and as the statute authorizes the prosecution of an action for that purpose against a
non-resident by publication, nothing is wanting to sustain
the decree in question.   The petition must therefore be dismissed.

It is so ordered.