[No. 1472.]

IRENE M. ROBINSON, RESPONDENT, v. HENRY KIND
AND EUGENE HOWELL, APPELLANTS.

DEFECT OF PARTIES—TRUST DEED—ACTION TO SET ASIDE.—Where several
owners of property convey it to a trustee upon specified terms and
conditions, and one of them brings an action against the trustee to
have the trust deed annulled and the trustee enjoined from acting
or claiming thereunder, the other owners are necessary parties.

IDEM—EQUITABLE DOCTRINE—BENEFICIARIES OF TRUST WHO REFUSE TO
JOIN AS PLAINTIFFS, TO BE MADE DEFENDANTS—MULTIPLICITY OF
SUITS.—In an action by a beneficiary against the trustee, when the
right asserted, if it exists at all, is also held by all other parties sim-
ilarly situated with the one who sues, and the decision would in
fact determine all their rights, the equitable doctrine primarily
requires that the beneficiaries should unite as plaintiffs; but if any
refuse to join, they should be made defendants, in order that the
trustee may not be subject to a multiplicity of suits when the whole
controversy could be decided in one.

IDEM—PARTIES IN INTEREST—MULTIPLICITY OF SUITS.—Plaintiff sued defend-
ants, among other things, to have canceled a certain deed or instru-
ment of trust, executed by plaintiff and two other persons as parties
of the first part to one of the defendants as party of the second
part, and to have defendants and each of them perpetually enjoined
from asserting or acting or claiming under the same. The com-
plaint was demurred to, one of the grounds of demurrer being that
there was a defect of parties plaintiff: *Held*, that a complete and
binding decree cannot be made as to all the parties directly inter-
ested, without the said two other beneficiaries being brought into
court by being made parties, and that otherwise a multiplicity of
suits cannot be avoided. The demurrer should therefore have been
sustained.

IDEM—WAIVER—JUDICIAL DUTY.—Under Gen. Stats., sec. 3039, which pro-
vides, among other things, that "when a complete determination of
the controversy cannot be had without the presence of other par-
ties, the court must order them to be brought in," it is not a matter
of discretion but of judicial duty, and if the parties to the record
neglect to raise the question, the court, upon its own motion, will
supply the omission; hence, the contention that by answering the
complaint and going to trial, the demurrer of defendants upon the
ground of defect of parties was waived, is not tenable.

ON REHEARING.

PRACTICE—PROCESS—SERVICE BY PUBLICATION—NON-RESIDENT DEFENDANT.—
An action to cancel a deed of real and personal property located in
part in the county in which the action is brought, is an action, in
part, "for the recovery of real property, or an estate or interest
therein," under Gen. Stats., sec. 3040, and, being substantially a pro-
ceeding *in rem*, may be prosecuted against a non-resident by publi-
cation.

APPEAL from the District Court of the State of Nevada,
Eureka county; *A. L. Fitzgerald*, District Judge:

Action by Irene M. Robinson against Henry Kind and Eugene Howell to set aside a trust deed and for an injunction. From a judgment in favor of plaintiff, defendants appeal. Reversed.

The facts sufficiently appear in the opinion.

*Thomas Wren,* for Appellants:

I.   This action was brought to set aside a so-called trust deed, executed by the plaintiff and James A. Church and E. D. Church to the defendant, H. Kind. The Churches were not made parties to the action. To the complaint, the defendants, Howell and Kind, demurred upon the ground that the complaint did not state facts sufficient to constitute a cause of action, and upon the ground that there was a defect of parties defendant. The demurrer was overruled, and the court proceeded to try the case, and in due time rendered a decree in favor of plaintiff and against the defendants, Kind and Howell.

II.   There was clearly a defect of parties defendant. The Churches were the principal parties in interest, and the demurrer should have been sustained upon the ground that there was a defect of parties defendant. (Gen. Stats. 3036, 3039; *Settembre* v. *Putnam,* 30 Cal. 490; *Wilson* v. *Lassen,* 5 Cal. 114.)

III.   Power was vested in Howell to manage, preserve and sell the joint property of the plaintiff and the Churches with a view to the payment of the expenses of caring for and preserving the property, a matter in which the Churches were vitally interested and over which Kind had no control and no interest. The agreement constituted Howell the agent of plaintiff and the Churches to manage, preserve and sell the property. The court had no jurisdiction to cancel and set aside this agreement, and enjoin Howell, the agent of the Churches, from managing and preserving the property for the Churches without bringing the Churches into court.

IV.   It appeared upon the face of the complaint that the Churches were parties absolutely necessary to a full and final determination of the rights of the parties to the agreement or trust deed. The agreement was made a part of the complaint, and it was the duty of the court to order the

Churches to be brought in upon an inspection of the complaint and error to fail to do so without demurrer.

*Robt. M. Clarke,* for Respondent:

I. The action being to revoke a trust; the *cestui que trusts,* or beneficiaries, were not necessary parties. They were represented by the defendants, who were their trustees and who defended the trust for them. (Pomeroy's Rem. and Rem. Rights, sec. 357; Foster's Fed. Pr., 117; *Kerrison* v. *Stewart,* 92 U. S. 155; Storey's Equity Pl. 150, note a; 61 Geo. 599; 10 Saw. 415; 39 Ark. 70; 4 Minn. 313; 113 U. S. 340; *Vetterlein* v. *Barnes,* 124 U. S. 169.)

II. By answering the complaint and going to trial, the demurrer for defect of parties was waived. (Bliss, Code Pleading, 417; *Lonkey* v. *Wells,* 16 Nev. 27, 275; 1 Cal. 206, 470, 481; 47 Mo. 459; 10 Ohio, 409; 30 Iowa, 222; 23 Ark. 530.)

By the Court, BONNIFIELD, J.:

This action was brought to have a certain instrument and deed of trust annulled and canceled, and the defendants and each of them perpetually enjoined from asserting or acting or claiming under the same, from leasing, operating, encumbering or in any manner disposing of, using or selling the property mentioned in said instrument or any part thereof. The deed or instrument was executed on August 2, 1892, by James A. Church and E. D. Church and Irene M. Robinson, parties of the first part, to Henry Kind, party of the second part, and conveyed to him, and to his heirs and assigns, certain real estate and personal property therein described, and by its terms " in trust for the said parties of the first part upon the terms and conditions herein specified; * * * to have and to hold all and singular the said hereinbefore granted and described premises unto the said Henry Kind, his heirs and assigns, upon the trust, nevertheless, and to and for the uses and purposes hereinafter limited, described and declared, that is to say: Upon the sale of any or all of said property, the proceeds thereof shall be applied: first, to the payment of the mining expenses incurred upon said property, the wages of a watchman and taxes, and upon the

claim of Eugene Howell against said parties of the first part for services and salary up to May 31, 1892, as the same appears charged upon the books of Robinson, Church & Co., but the amount not to exceed $4,100; said Eugene Howell to have charge of the property as manager as heretofore, and to work, sell or lease all or any of said property, as he may deem best, and for the best interests of the respective parties, but to receive no compensation for his services. Said Eugene Howell to keep a correct set of books of all receipts from said property and all expenditures thereon, and to furnish said party of the second part vouchers for all moneys expended upon said property. Whenever said Eugene Howell shall be paid in full and all other payments shall be made as hereinbefore described and provided, said party of the second part shall reconvey unto said parties of the first part all or any of said properties that remain unsold, one-half to said Irene M. Robinson and one-half to said James A. and E. D. Church, said Irene M. Robinson hereby releasing any and all claims she may have against said James A. and E. D. Church in consideration of the conveyance of one-half of said property to her as aforesaid."

*Complaint:* The plaintiff by her complaint alleges, in substance and in brief, that at the time she executed said deed and instrument, she was the owner of the property therein described; that she was then sick in both body and mind and was *non compos mentis* and had not the capacity to manage said property or to transact any business concerning the same; and that particularly she was mentally incapacitated to make and execute or comprehend the meaning of said instrument; that said defendants, and each of them, well knowing the premises and fully advised concerning the plaintiff's said physical and mental ailments and her inability to take care of said property, and well knowing that plaintiff did not understand or comprehend and had not mental capacity to legally execute the deed of trust and power annexed thereto, did, on the 2d day of August, 1892, knowingly, falsely and fraudulently and without consideration and with intent, etc., cause and procure the plaintiff to make, execute and deliver the said conveyance of her aforesaid real and personal property mentioned and described in said deed

of trust, etc., and caused and procured the plaintiff by the deed and instrument aforesaid falsely, fraudulently and knowingly, etc., to appoint said defendant, Eugene Howell, to have charge of said property as manager to work, sell and lease all or any part thereof as he might deem best and apply the proceeds, etc., and when said Howell should be paid and all other payments provided for in said instrument should be made, to convey the said property or the portion thereof remaining, one-half to the plaintiff, Irene M. Robinson, and one-half to James A. Church and E. D. Church. It is also alleged in the complaint that the defendants are proceeding to execute the terms and provisions of said false and fraudulent instrument; that they have taken possession and now have possession and control of the said property under said instrument and have advertised for sale at public auction said property, etc. The said deed of trust or instrument is annexed to the complaint and made part thereof.

*Demurrer and Answer:* The defendants demurred to the complaint, one of the grounds of which was that it appears upon the face of said complaint that there is a defect of parties defendant, in that James A. Church and E. D. Church are necessary parties defendant. The demurrer was overruled, and the defendants answered, denying each material allegation of the complaint specifically and denied that the plaintiff was the sole owner of the property described, and alleged that she was the joint owner of said property with James A. Church and E. D. Church, and that at the time the trust deed was executed by the plaintiff she well knew that said Churches were the joint owners of said property with said plaintiff. And they alleged " that there is a defect of parties defendant to said action; that said James A. Church and E. D. Church are necessary parties defendants in said action."

*Judgment and Decree:* The case was tried by the court without a jury, and resulted in a judgment and decree in favor of the plaintiff to the effect " that the said deed of trust mentioned and described in the complaint in this action is fraudulent and void and set aside as against the said plaintiff, Irene M. Robinson. And the said defendants, Eugene Howell and Henry Kind, and each of them, are

hereby perpetually enjoined from claiming, holding or assert-
ing any title or right or in exercising any power or authority
over or concerning the said property mentioned and described
in said deed, and from making, executing or delivering any
conveyance of said property, or any portion thereof, and
from selling, delivering or otherwise disposing of said prop-
erty, or any part thereof, and from in any manner interfering
with said property or with the use and enjoyment thereof."
Judgment was given against the defendants for plaintiff's
costs, taxed at $77 35. The defendants appeal from the
decree and judgment.

*Contention:* Counsel for appellants contends that James
A. Church and E. D. Church are necessary parties defendant;
that they are the principal parties in interest, and contends
in substance that the court erred in overruling the demurrer
and in proceeding with the trial of the case and rendering
the judgment and decree therein without acquiring jurisdic-
tion over said necessary parties defendant.

*Authorities:* "It seems to be well established by the author-
ities as a general rule in equity, subject to certain exceptions,
that all persons materially interested, either legally or bene-
ficially, in the subject matter of a suit, are to be made parties
to it, either as plaintiffs or as defendants, however numerous
they may be, so that there may be a complete decree which
shall bind them all." (Story, Equity Plead., 9th ed., sec. 72,
and note 4; secs. 75, 76.) "Where a person has a direct inter-
est in the subject matter of the suit, his rights will be affected
by the final decree, and he is a necessary party." (*Richards* v.
*Richards,* 9 Gray, 313, 315.) "A person is a necessary party
to a suit when no decree in relation to the subject matter of
the litigation can be made until he is properly before the
court as a party; or where the defendants in the suit have
such interest in having such person before the court as would
enable them to make the objection if he were not a party."
(*Bailey* v. *Inglee,* 2 Paige, 278.) "If the interest of the
absent parties may be affected or bound by the decree, they
must be brought before the court, or it will not proceed to a
decree." (Story, Equity Plead., 9th ed., sec. 137.) "If the
defendants actually before the court may be subjected to
undue inconvenience, or to danger of loss, or to future liti-

gation or to a liability, under the decree, more extensive and direct, than if the absent parties were before the court, that of itself will, in many cases, furnish a sufficient ground to enforce the rule of making the absent persons parties." (Id., sec. 338.)

The defendants Kind and Howell, and each of them, may be subjected to future litigation by said James A. and E. D. Church, to enforce the trust and to account for said property and their stewardship thereof, and the said Howell may be defeated in the collection of his said claim as against said Church & Church if he fail to use all reasonable diligence to collect the same out of the proceeds of said property. In any such suits between the defendants and the Churches the judgment and decree in this case could not avail them for any purpose. It appears by the complaint that the said James A. and E. D. Church have a direct interest in the subject matter of the suit, that their interest under the said instrument is identical with that of the plaintiff, with the additional interest therein of having the release, made by the plaintiff of all and any claim she may have against them, completed and made effective by a conveyance to her by defendant Kind of one-half of all or any of said property that remains unsold, as provided in said instrument, after the payments therein named are made, out of the proceeds of said property.

*Effect of Decree:* The decree annuls said instrument as to the plaintiff; takes the property out of the hands and control of the trustee, Henry Kind, and the agent, Eugene Howell, who are made by said instrument the trustee and agent, respectively, of the said James A. and E. D. Church and the plaintiff, the beneficiaries of said trust, and it puts the same into the hands and control of the plaintiff; it perpetually restrains the defendants, as such trustee and agent, or otherwise, from in any manner interfering with said property or with the use and enjoyment thereof. It in effect ousts said James A. and E. D. Church of said property, and strips them of all their rights and interests therein. It seems that it was intended that the decree should have such effect. The plaintiff claims in her complaint to be the owner of said property, and her counsel argues and contends as matter of law that

the action, being to revoke a trust, the *cestuis que trust* or beneficiaries were not necessary parties; that they were represented by the defendants, who were their trustees, and who defended the trust for them. The contention is to the effect that in law James A. and E. D. Church, being beneficiaries, the defendants as trustees defended for them; that this being an action to revoke the trust, they represented said Churches and bound them in the action, and that their interest in the said deed and instrument and property is concluded by said decree. But we cannot agree with counsel in his theory of the law. The said trustees do not represent the said two beneficiaries, Church, in any greater degree or for any other purpose than they represent the other beneficiary, the plaintiff, and cannot bind the former any more than the latter by anything they may or can do by virtue of their powers or relations as trustees.

*In Cases of Trusts:* Story, in his Equity Pleadings (9th ed., sec. 207), gives the general rule as to parties in cases of trusts as follows: "The general rule in cases of this sort is, that in suits respecting the trust properly brought by or against the trustees, the *cestuis que trust*, or beneficiaries, as well as the trustees, are necessary parties. The trustees have the legal interest, and, therefore, they are necessary parties. The *cestuis que trust*, or beneficiaries, have the equitable and ultimate interest to be affected by the decree, and, therefore, they are necessary parties." "If there are divers *cestuis que trust* all of them should be made parties to a bill touching the common interest." (Id., sec. 210, note 2.) "In contests respecting property held in trust, where the interests of the *cestuis que trust* stand opposed to the right set up by the complainant, the *cestuis que trust* are necessary parties." (*Prokaw* v. *Prokaw*, 41 N. J. Eq. 216; *Tyson* v. *Applegate*, 13 Stev. Eq. 305.) "It is undoubtedly a general rule that in suits respecting trust property, brought either by or against trustees, the *cestuis que trust* are necessary parties." (*Boyden* v. *Partridge*, 2 Gray, 194; *Northampton National Bank* v. *Crafts*, 145 Mass. 447.) In an action by a beneficiary against the trustee when the right asserted, if it exists at all, is also held by all other parties similarly situated with the one who sues, and the decision would in fact determine all their rights, the

equitable doctrine primarily requires that the beneficiaries should unite as plaintiffs, but if any refuse to join they should be made defendants, in order that the trustee may not be subjected to a multiplicity of suits when the whole controversy could be decided in one. (Pomeroy, Rem. and Rem. Rights, sec. 355.) In harmony with the above rule, it was held in *Dillon* v. *Bates*, 39 Mo. 292, that, "in a suit in equity brought by one distributee of an estate against the administrator to set aside a settlement on the ground of fraud, all the distributees must be made parties either as plaintiffs or defendants to avoid a multiplicity of suits and to enable the court to make a complete and binding decree." In the case at bar we are of opinion that a multiplicity of suits cannot be avoided, and that a complete and binding decree cannot be made as to all the parties directly interested without the said two other beneficiaries being brought into court by being made parties.

*Statute Provision:* By Gen. Stats., sec. 3039, it is provided: " The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others or by saving their rights; but when a complete determination of the controversy cannot be had without the presence of other parties, the court must order them to be brought in." * * * In Pomeroy's Remedies and Remedial Rights (2d ed., sec. 419), the author, in commenting upon the above provision, found, perhaps, in all the codes, says: " If there are other persons, not parties, whose rights must be ascertained and settled before the rights of the parties to the suit can be determined, then the statute is peremptory; the court must cause such persons to be brought in; it is not a matter of discretion, but of absolute judicial duty. The enforcement of this duty does not rest entirely upon the parties to the record. If they should neglect to raise the question and to apply for the proper order, the court, upon its own motion, will supply the omission, and will either directly bring in the new parties, or remand the cause in order that the plaintiff may bring them in." Where, then, a case comes under the above rule as to parties, the defect is not waived by the defendant answering to the merits. The contention of counsel that, by answering the

complaint and going to trial, the demurrer of the defendants on the ground of defect of parties was waived, is not tenable. " Under some circumstances a trustee may represent his beneficiaries in all things relating to their common interests in the trust property. He may be invested with such powers and subjected to such obligations that those for whom he holds will be bound by what is done against him as what is done by him. If he has been made such a representative, it is well settled that his benificiaries are not necessary parties to a suit by him against strangers to enforce the trust, or to one by a stranger against him to defeat it in whole or in part." (*Kerrison* v. *Stewart*, 93 U. S. 155; see p. 160.) And so it is held in effect in other cases cited by counsel for respondent.

But these authorities are not applicable to this case; this is not a suit by the trustee against a stranger to enforce the trust, nor is it a suit by a stranger against the trustee to defend the trust, besides defendant Kind, the trustee, was not invested with such powers and subjected to such obligations that the beneficiaries Church will be bound by what was done against him in this action. His powers and obligations under the deed are very limited.

The judgment and decree of the trial court must be reversed, and it is so ordered.

### ON PETITION FOR REHEARING.

By the Court, BONNIFIELD, J.:

The respondent has petitioned for rehearing. The opinion given on appeal will be found above. The statement of the case or the authorities heretofore cited need not be repeated here. Counsel for petitioner admits the correctness of the general rules noted in that opinion as to necessary parties, but strenuously urges that the case at bar comes within the exceptions to the general rules, and as an exception he cites Story's Eq. Plead., sec 78, wherein the author says: " Hence it is a common rule of the court, that when a person who ought to be made a party is out of the jurisdiction of the court, if the fact is stated in the bill, and admitted by the answer, or proved (if denied) at the hearing, that of itself constitutes a sufficient ground for dispensing with his being

made a party, and the court will proceed to a decree without him." Counsel contends that the suit at bar is "not a proceeding *in rem*, but *in personam*; that it is not a suit against the property, but a suit against the person." That "the suit being in equity and *in personam* and the Churches being absent from the state and residents of the state of New York, they could not be brought in because beyond the reach of the state's process and without its jurisdiction." Counsel cites *Pennoyer* v. *Neff*, 95 U. S. 714; *Hart* v. *Sansom*, 110 U. S. 151, and several other cases.

We might dispose of this point by simply noting the fact that it does not appear by the bill or complaint, or otherwise by the record, that the Churches are out of the jurisdiction, of the court. "Where the party is out of the jurisdiction, that fact should be positively averred in the bill, and not left to mere inference." (*Penfold* v. *Nunn*, 5 Sim. 408; Story, sec. 78.) But the residence of a person out of the state who ought to be joined in a suit does not justify the omission to make him a party.

Gen. Stats., sec. 3052, provide for service of the summons by publication on a non-resident person who is a necessary or proper party to the action. (Barbour on Parties, 333.) In the cases of *Hart* v. *Sansom* and *Pennoyer* v. *Neff*, *supra*, it is held in effect that if the court which enters the decree or judgment in a given case is authorized to act therein *in personam* only, it acquires no jurisdiction by publication to grant relief. That rule is well settled, and that is the full extent to which it can be said the authority of these decisions go.

In *Arndt* v. *Griggs*, 134 U. S. 316, Mr. Justice Brewer delivered the opinion of the court, and in an elaborate review of the authorities says: "A state may provide by statute that the title to real estate within its limits shall be settled and determined by a suit in which the defendant being a non-resident is brought into court by publication. The well-settled rules that an action to quiet title is a suit in equity; that equity acts upon the person, and that the person is not brought into court by service by publication, do not apply when a state has provided by statute for the adjudication of titles to real estate within its limits as

against non-residents who are brought into court only by publication."

In the case of *Pennoyer* v. *Neff*, *supra*, on which case counsel for petitioner seems to rely with confidence as authority for his contention that the Churches cannot be reached by publication, the court, by Mr. Justice Field, says: "Such service may answer in all actions which are substantially proceedings *in rem*. * * * It is true that, in' a strict sense, a proceeding *in rem* is one taken directly against the property, and has for its object the disposition of the property, without reference to the title of individual claimants, but in a larger and more general sense the terms are applied to actions between parties, where the direct object is to reach and dispose of property owned by them or of some interest therein. * * * So far as they affect property in the state, they are substantially proceedings *in rem* in the broader sense which we have mentioned."

In *Hart* v. *Sansom*, cited by counsel, the court said: "It would doubtless be within the power of the state in which the land lies to provide by statute that if the defendant is not found within the jurisdiction, or refuses to make or to cancel a deed, this should be done in his behalf by a trustee appointed by the court for that purpose."

In *Arndt* v. *Griggs*, *supra*, the court, after quoting the above from *Hart* v. *Sansom*, says: "And, of course, it follows that if a state has power to bring in a non-resident by publication for the purpose of appointing a trustee, it can, in like manner, bring him in and subject him to a direct decree."

There are numerous decisions, both of the federal and state courts, to the effect that the state has power through its legislature and courts to dispose of or control property in the state belonging to non-resident owners out of the state where such non-resident owners will not voluntarily surrender jurisdiction of their person to the state, or the courts of the state, and that the owners thereby may be totally deprived of their property, although no notice is ever given to such owners, except notice by publication. (*Arndt* v. *Griggs*, *supra*, and cases therein cited.)

Section 3040, Gen. Stats., provides that actions "for the recovery of real property, or of an estate or interest therein,

or for the determination in any form of such right or interest," shall be tried in the county in which the subject of the action or some part thereof is situated, subject to the power of the court to change the place of trial.

Actions to set aside fraudulent conveyances of real estate are held to belong to the above class and may be prosecuted against a non-resident by publication. (*Adams* v. *Cowles,* 85 Mo. 501; 8 S. W. Rep. 711; *Chicago and A. Bridge Co.* v. *The Anglo-American Packing Co.,* 46 Fed. 584; *McLaughlin* v. *McCrory,* 55 Ark. 442; 18 S. W. Rep. 762; Works on Courts and Their Jurisdiotion, 270; *Jones, McDowell & Co.* v. *Fletcher,* 42 Ark. 422.)

The suit at bar is brought to cancel a deed of conveyance of real and personal property situated in Eureka and White Pine counties, Nevada, and revest the title in the plaintiff, and is an action in part under the above authorities, "for the recovery of real property, or of an estate or interest therein," and necessary parties defendant may be brought in by publication. The court has like power as to the personal property. "If the state court has such power with reference to title to real estate held by non-residents, how much the more will it have the same with reference to personal property situate within its jurisdiction?" (*Loaiza* v. *Superior Court,* 85 Cal. 11.)

Where a court of equity is empowered to cancel a deed and establish title to land within its jurisdiction by mere force of its decree, to that extent its action is *in rem.* (55 Ark. 442, *supra.*)

In *Galpin* v. *Page,* 3 Saw. 124, the court held that proceedings which are in form personal suits, but which seek to subject property brought by existing lien, or by attachment, under the control of the court, and those who seek to dispose of property or relate to some interest therein, but which touch the property or interest only through the judgment recovered, while not strictly proceedings *in rem,* so far as they affect property in the state, are treated substantially as such proceedings.

In *Pennoyer* v. *Neff, supra,* the court says that substituted service by publication may answer in all actions which are substantially proceedings *in rem.*

The case at bar is substantially a proceeding *in rem.* Its direct object is to reach and dispose of the property of the parties described in the complaint. The decree of the trial court is substantially a decree *in rem.* The court, by mere force of its decree, annulled the deed of conveyance and vested the title to the property in the plaintiff.

Having heretofore fully considered and passed upon the other questions presented by the petition for rehearing, and finding no reason or authority to induce us to change our former opinion, the petition is denied.