## WILLIAMS et al. vs. EWING & FANNING.

|    |     |
| -- | --- |
| 31 | 229 |
| 56 | 474 |
| 56 | 498 |
| 31 | 229 |
| 78 | 534 |

1. CONSTRUCTVIE SERVICE: *Appearance, etc.*

   A warning order published against a minor defendant was not entirely definite as to the place at which he was warned to appear. A guardian *ad litem* was appointed by the court and filed an answer for the minor; held, the notice and appearance were sufficient to bind him.

2. ATTORNEY AD LITEM: *Need not be appointed for minors.*

   The provisions of the statute in regard to the appointment of an attorney for defendants who are constructively served, does not apply to minors, the appointment of a guardian *ad litem* is sufficient.

3. PROCEEDING TO SUBJECT ASSETS DESCENDED: *Nature, jurisdiction, etc.*

   A suit to subject assets descended to the heir to the payment of a debt of the ancestor, is a proceeding *in rem*, and must be prosecuted in the jurisdiction in which the property is situated, by equitable proceedings.

4. ———: *Parties.*

   In such a proceeding the heir is the only proper party.

5. ———: *Pleading.*

   In a proceeding to subject land descended to the heir, it should be described in the complaint so as to enable the court to identify it in the decree; but when the court is enabled, by the evidence, to lay hold of the particular land, the finding will aid the defective description in the pleading, and sustain the decree.

6. SURETIES: *Contribution from estate of co-surety.*

   A, B and C were co-sureties, C died, and A and B were forced to pay the debt after the administration on the estate of C had been settled, and more than two years after the grant of letters; *held*, that they could subject assets descended to the heir, to contribution.

7. GUARDIAN AD LITEM:

   Is not entitled to compensation, except when appointed upon application of the plaintiff under section 4502, Gantt's Digest, when the plaintiff is required to pay a reasonable compensation.

8. HEIR: *Personal liability of:*

   The heir to whom assets have descended, is not personally liable for the debts of the ancestor, beyond the value of the estate received by him.

9. *Judgment on constructive service.*

   Personal judgment cannot be rendered against a defendant constructively served with notice.

10. *Judicial sale:*

    Must be on a credit of not less than three nor more than six months.

APPEAL from *Jefferson* Circuit Court in Chancery.
Hon. READ FLETCHER, Special Judge.
*Gallagher & Newton,* for appellants.
*Garland & Cockrill, contra.*

WALKER, J.:

John H. Ewing and Talbot Fanning filed their bill in the
Jefferson Circuit Court against Ann M. Williams, Beaver D.
Williams, John Waters, a minor, Marcus L. Bell, administrator,
with the will annexed of John Waters, deceased, in which they
state that on the 1st day of July, 1858, Alexander Fall executed
his bill single with the testator John Waters, deceased, and
plaintiffs, as securities, payable to Eliza P. Wilson, twelve months
after date, for $10,000—that their co-security, John Waters,
died in 1867, in the county of Jefferson, Arkansas, having
made a will which was duly probated; that on the 18th of
February, 1867, Robert W. Walker was appointed administrator
of said Waters' estate; that soon thereafter Walker died, and
Marcus L. Bell, on the 19th of February, 1868, was appointed
administrator *de bonis non* of said estate, and is still administra-
tor thereof. That after the execution of the note aforesaid
Eliza P. Wilson died, and her legal representatives brought suit
against plaintiffs on said note, and on the 12th day of March,
1872, obtained judgment against them for the sum of $5,991.71,
the balance due on said note, after payments made thereon by
Fall, the principal debtor. That Fall's estate was insolvent;
their co-security, Waters, paid no part of said debt, but that
plaintiffs, as such securities, had been compelled to pay, and did
pay the sum of $5,991.71, so recovered against them; that one-
third of such amount, to-wit, the sum of $1,997.14, was due to
them from the estate of their co-security Waters, that Waters'
estate had been settled and his debts paid off, leaving $40,000
or $50,000 worth of land, and $5,000 in money, which passed

into the hands of the minor defendant, John Waters, as heir at law of said estate. That Ann M., the widow of Waters, had married the defendant Williams, and renounced the provisions of the will of her deceased husband, and had dower assigned her.

Plaintiffs pray that a decree may be rendered against the heir, the minor defendant, for so much of said security debt paid by them as is equitably due against the estate of their co-security; that a lien be declared in their favor, on the lands which descended to the heir, and that so much thereof as may be necessary be sold to pay the same.

Williams and wife answer and deny all knowledge of the plaintiff's demand, and as a defense insist upon the statute of non claim of two years as a bar to plaintiffs' right of action.

Defendant Bell also answered and interposes the same defense; says that the estate has been settled, and the balance of $5,000, in money, and the lands which descended to the minor defendant, placed in his possession.

The other defendant, John Waters, appeared by guardian *ad litem,* who interposed a general answer denying allegations, and requiring strict proof.

The case was submitted to the court on the bill, answer, exhibits and evidence.

The court found that all the material allegations in plaintiff's bill were true. That John Waters was the son and heir at law of testator; that $40,000 or $50,000 worth of land situated in Jefferson County, Arkansas, descended from John Waters, the father, to his minor son John, the defendant.

Upon this finding the decree was rendered in favor of each of the plaintiffs for $998.07, with costs, and after day given, that the lands be sold for cash in hand to pay the same. Defendant appealed to this court.

It is not often that we find a clearer case of equity made than the one here presented. There were three securities, one of them died without having paid any part of the security debt. It is equitable and just that the estate of the deceased security should be held responsible for the payment of his part of the security debt.

The claim of plaintiffs having matured after administration closed, they do not seek to disturb its settlement, or contest with creditors for satisfaction, but ask payment out of the estate which has descended to the heir, and which is equitably bound for the payment of the ancester's debts.

Counsel for the appellants have raised several questions touching the regularity of the proceedings prior to the rendering of the final decree, as well as others which affect the decree itself.

First, it is objected that the decree was taken without a valid constructive notice to the minor defendant, a non-resident. We find upon the record the warning order, in the usual form, and executed by publication, verified by the usual certificates. The order itself is, perhaps, not strictly as definite as it might have been, as to the place where defendant was warned to appear. We find, too, that a guardian *ad litem* was appointed by the court; that he accepted the appointment, and answered for the infant defendant. We think this notice and appearance sufficient.

It is objected, however, that no valid decree could be rendered until an attorney to defend for the infant had been appointed, and, in support of this position, we are referred to sec. 4727, Gantt's Digest, which provides that before judgment is rendered against a defendant constructively served, and who does not appear, it shall be necessary to appoint an attorney to defend for him. The attorney is required to be appointed sixty days before judgment is rendered against such defendant, whose duty it is made to inform the defendant that suit is brought against him,

and to advise him of such matters as may be useful in preparing his defense. We think this section, when properly construed, applies only to adult non-resident defendants. There could be no necessity for the appointment of such attorney to defend for minor defendants, because it is provided by sec. 4493, Gantt's Digest, that infant defendants shall appear by guardian. Special provision is made for such appointments, the answer is formal, admits nothing, and no decree can be taken against the infant unless upon full proof; the appointment of an attorney could add nothing to his defense, and the facts required to be communicated by the attorney would be worthless if communicated to an infant. We must hold the objection not well taken.

Having disposed of these preliminary questions, none of which meet the merits of the case, we will proceed, briefly, to review the case as presented by the pleadings:

This suit was brought to enforce payment of a debt which matured after the death of the testator, and after the expiration of two years from the grant of letters of administration.

The administration had been closed, and the residue of the estate, consisting of land and money, passed to the heir at law of the etstator; the plaintiffs, holding this debt, pursue the estate in the hands of the heir, and ask to subject it to the payment of their debt. At the common law no such right was given. Chancellor Kent, in his Commentaries, vol. 4, sec. 419, says: It is a hard and unjust rule of the common law, that lands descended or devised, were not liable for simple contract debts, and such seems to have been the opinion of the Legislatures of nearly all of the American States; most of them have passed statutes in mitigation of this rule. By our statute, sec. 68, Gantt's Digest, lands are made assets in the hands of an executor or administrator for the payment of debts, and, when they descended to the heir, the equitable right to subject them to the payment of debts followed;

indeed, it is said by Mr. Rawle, that a lien is created upon the property, which follows it into the hands of the heir.    Rawle on Covenants, p. 546.

In this instance it seems that the plaintiffs have asserted their right to satisfaction, not alone 'out of the land, but also out of the $5,000 paid to the heir as part of the testator's estate.    If money alone had been received by this heir, we are not prepared to say that an action could have been maintained against him in Arkansas, he being a resident of Tennessee. · The money being personalty, passes with him to his place of domicil, and, in such case, suit must, necessarily, be brought where personal service can be had on the defendant; but, as in this action the claim is for satisfaction out of both land and money, the action is properly brought in the county where the land lies, it is in effect a proceeding *in rem*, and must be had where the court which renders the judgment may subject the property to its satisfaction.

The right to recover is in equity, so held before the passage of our statute, which expressly confers power to sue the heir or devisee to enforce the payment of a debt due by the devisor or ancestor.    *Walker* v. *Byers*, 14 Ark., 246; *Bennett* v. *Davidson*, 15 Ark., 412.

Since these opinions were delivered a statute has been enacted, sec. 153, Gantt's Digest, which provides that legatees and distributees shall be liable to a direct action by a creditor to the extent of the estate received by each of them, notwithstanding the failure of a creditor to appear, and the discharge of the personal representatives.

The right of action to the plaintiffs was properly against the heir, for satisfaction out of the estate which passed into his hands. The heir was the only proper party defendant to the suit.    Bell, the administrator, had closed his administration, and turned over the estate to the heir.    Williams and wife had received their

dower, and had no interest in the estate sought to be subjected to the payment of their debt, and were, therefore, not necessary parties defendant; there is no prayer for relief as against them, and the decree was properly taken against the heir.

As the action was brought to subject lands to the payments of debts, they should have been so described in the complaint, by legal subdivisions, as to distinguish them, and to enable the court to lay hold of them in rendering its decree. A description of the estate, as $40,000 or $50,000 worth of land, was too indefinite, but as the evidence introduced enabled the court to find the particular tracts, or subdivisions, which descended to the heir, the allegation is aided by this finding, and the necessary certainty furnished to enable the court to render a decree.

Upon the pleadings and facts found by the court, we think the plaintiffs entitled to the relief prayed, and to this extent the finding and judgment of the court should stand, but as we find several errors in the decree as rendered, it must 'e reversed and set aside, and a decree rendered as we shall indicate as follows:

The charge of $50 as a fee to the guardian *ad litem* was improperly taxed; his appointment was that of guardian *ad litem;* he accepted the appointment, and made his answer as such; the answer is formal, and there is no statute authorizing an allowance for such services. Gantt's Digest, sec. 4502, refers alone to appointments made upon application of the plaintiff, who is required to pay a reasonable compensation for such service. The court also erred in rendering a personal judgment against the minor defendant on constructive service. The judgment should have been against the defendant for the sum ascertained to be due plaintiffs, to be paid out of the lands which came to the minor defendant by descent, and with an order, after giving day for payment, for the sale of such estate, or so much thereof as might be necessary to pay the sum found due.

The heir is in no instance personally liable for the payment of a debt upon constructive notice, nor in a case like the present, beyond the value of the estate which came to him from his ancestor.

The court very properly gave to the defendant day for the payment of the money, before the day·appointed for the sale of the property, but erred in directing the sale to be made for·cash in hand; the sale should have been made upon a credit of not less than three, nor more than six, months, as expressly provided in section 4708, Gantt's Digest.

Let the decree be reversed and set aside, the case remanded, and decree rendered for plaintiffs according to tne finding of the court upon the issues, and in other respects according to law, and not inconsistent with this opinion.