CHICAGO MILL & LUMBER COMPANY v. DRAINAGE
DISTRICT No. 15.

Opinion delivered March 8, 1915.

1. APPEALS—ORDER GRANTING APPEAL—ORDER NUNC PRO TUNC.—A court can not enter an order granting an appeal *nunc pro tunc*, when no such order was in fact made by such court.

2. DRAINAGE DISTRICTS—ORGANIZATION—ORDER OF COUNTY COURT—APPEAL.—A remonstrant against the formation of a drainage district loses his right of appeal to the circuit court, from an order of the county court, where the county court made no order granting an appeal, and the remonstrant failed to file an affidavit praying an appeal, with the clerk of the circuit court, until more than six months after the rendition of the order of the county court.

Appeal from Mississippi Circuit Court, Chickasawba District; *W. J. Driver*, Judge; affirmed.

STATEMENT BY THE COURT.

Appellant was a remonstrant against the establishment of a drainage district in Mississippi County and from the order of February 3, 1913, of the county court establishing the district, attempted to take an appeal. It filed on February 17, 1913, an affidavit and prayer for appeal with the clerk of the Mississippi county court, requesting that he have the judge who was not present at that time, make an order of court granting the appeal. No order granting an appeal was ever made by the court. A transcript of the proceedings was made by the clerk,

however, and presented to the clerk of the circuit court and by him filed on May 8, 1913, and the case docketed.

At the June, 1913, term of the circuit court for the Chickasawba district, the attorney for the appellee district, stated in open court that he would file a motion to dismiss the appeal and had it set for argument at an adjourned day of the Osceola district court in July, 1913. No further proceedings were had until January 19, 1914, when the case was called and appellant's attorney stated he understood the attorney for appellee was ill and unable to appear and asked that the case be passed, which was done. On the next morning the court of it's own motion dismissed the appeal for want of prosecution and on the same day appellee filed a motion to dismiss. A motion to reinstate was then filed by appellant and argued, but was not ruled on. After notice given on January 3, 1914, a petition was filed praying for a writ of mandamus, requiring the county judge to enter an order *nunc pro tunc* granting the appeal and that same be certified to the circuit court.

The court heard testimony on the petition and made an order overruling the motion to reinstate the case and denied the prayer of the petition for mandamus, and from this judgment, appellants prayed an appeal.

*Coleman, Lewis & Cunningham,* for appellant.

1. There being no procedure outlined in the act, Acts 1909, p. 833, § 3, for taking appeals, they are governed by the general law. 107 Ark. 329; Kirby's Dig., § 1487.

The record shows that the affidavit and prayer for appeal was filed with the county clerk within twenty days of the order organizing the district, and that a transcript, containing the affidavit and prayer, was filed in the office of the circuit clerk in due time and that he placed his filing mark on the transcript and docketed the case. This was all that was necessary. It was the duty of the circuit clerk to enter an order granting an appeal.

It appears that no written order was entered, but in lieu thereof the clerk filed the transcript and gave the case place on the circuit court docket. 'The purpose of the order granting an appeal had been accomplished. Nothing more could have been done, if a formal order of appeal had been entered both in the county court and in the circuit court. 51 Ark. 347-8; 57 Ark. 185, 187.

2.   The court erred in denying the petition for mandamus.   35 Ark. 298; 43 Ark. 40.

*W. D. Gravette,* for appellees.

It is immaterial whether the appeal from the county court is governed by section 1428 or section 1487 of Kirby's Digest, neither statute was complied with. *Wulff* v *Claibourne,* 107 Ark. 329, does not aid appellant. There the affidavit had been filed and the order allowing the appeal had actually been made, within the proper time, but the clerk had failed to enter it of record.

It has so often been held that it is necessary, in order for the circuit court to acquire jurisdiction on appeal from an inferior court, that the order be made granting the appeal, that it is not necessary to cite cases; but, see, 110 Ark. 374, and cases cited; 104 Ark. 113.

KIRBY, J., (after stating the facts). The appellant filed an affidavit and prayer for appeal for itself and such other owners of land within the district as desired to join in the appeal.

The motion to dismiss in the circuit court was on the ground that no order was made by the county court granting the appeal. The testimony shows that no order was ever made by the county court granting an appeal from its judgment establishing the drainage district, nor was there any order of appeal to the circuit court made by the circuit clerk, after the filing of the transcript with him.

In *Wulff* v. *Claibourne,* 107 Ark. 329, this court said of the law under which this district was established: "Although this is a special act, the terms of which must be fully complied with in proceedings under it, it is neither cumulative nor amendatory of the drainage laws

in force at the time of its passage, but is expressly declared to be an alternative system, and its provisions relative to procedure on appeal from judgments of the county court are different from those of section 1428 of Kirby's Digest, which are not required to be complied with in the taking of an appeal under the provisions of the act.''

Under the general statute, section 1487, Kirby's Digest, appeals are ''granted as a matter of right to the circuit court from all final orders and judgments of the county court at any time within six months after the rendition of same, either by the court rendering the order or judgment, or by the clerk of the circuit court, * * * by the party aggrieved filing an affidavit and prayer for an appeal with the clerk of the court in which the appeal is taken; and upon the filing of such affidavit and prayer the court rendering the judgment or order appealed from, or the clerk of the circuit court, shall forthwith order an appeal to the circuit court at any time within six months after the rendition of the judgment or order appealed from and not thereafter, etc.''

The statute under which this district was formed provides: ''* * * Any owner of real property within the district may appeal from such judgment within twenty days after same has been made, but if no appeal is taken within that time, such finding shall be deemed conclusive and binding upon all the real property within the boundary of the district that a majority in number or acreage or value have petitioned for the improvement. * * *'' Section 3, Act May 27, 1909.

Conceding that the general statute providing for appeals from the county court is applicable to appeals from judgments relative to the establishment of drainage districts under said Act 279, of the Acts of 1909, the time in which they may be taken is shortened to within twenty days after the date of rendition of the judgment appealed from. Notwithstanding therefore appellant was entitled, as a matter of right, to an order granting the appeal upon the filing of the affidavit and prayer therefor, it is nevertheless a fact that no order was made by said

court granting such appeal within that time, or at all, and it is also true that no affidavit and prayer for appeal was ever filed with the circuit clerk, and that the transcript of the proceedings in the county court containing such affidavit and prayer was not filed before the circuit clerk until May 8, 1913, more than twenty days after the making of the order establishing the district.

(1-2) A court can not enter an order granting an appeal *nunc pro tunc,* when no such order was in fact made by such court and although appellant had the right to have an order granting his appeal made upon the filing of the affidavit and prayer therefor, he could not, more than six months thereafter, nor after the expiration of the twenty days from the date of rendition of the judgment compel the entry of such order by mandamus.

No order granting an appeal having been made by the county court, the circuit court was without jurisdiction to hear the cause and committed no error in dismissing it and in denying the prayer of the petition for relief by mandamus.

Affirmed.

Hart and Smith, JJ., dissent.