ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY v. MAPLE SLOUGH DRAINAGE DISTRICT.

Opinion delivered March 31, 1919.

1. DRAINS—APPEAL FROM ASSESSMENT OF BENEFITS.—As Acts 1909, p. 829, relating to the organization of drainage districts, does not provide the method of taking an appeal from an order confirming assessments, the general statute regulating appeals from the county court (Kirby's Dig., § 1487) must control as to the manner of perfecting an appeal.

2. SAME — ASSESSMENT OF BENEFITS — TIME OF APPEALING.—Under Acts 1909, p. 829, § 7, in reference to appeals from judgments confirming benefit assessments in drainage districts, the appeal must be prayed either from the county court or from the circuit clerk within 20 days from the rendition of the judgment.

3. MANDAMUS—GRANTING APPEAL.—Where an application for appeal from a judgment on benefit assessments in a drainage district, made in apt time, is denied either by the county court or by the circuit court, mandamus will lie to compel the order to be made as of the date it should have been made.

4.   Constitutional law — drains — right of appeal.—Acts 1909, limiting certain appeals to 20 days, *held* not a denial of the constitutional right of appeal.

Appeal from Jackson Circuit Court; *D. H. Coleman,* Judge; affirmed.

*Troy Pace* and *Samp Jennings,* for appellant.

1.   The order granting the appeal was made in time and it was error to dismiss the appeal. Acts 1909, p. 837, § 7. The appeal was prayed and granted within the twenty days.

2.   The general statute, Kirby's Digest, § 1487, applies here except insofar as modified as to the time by the act of 1909, *supra.* The right of appeal is constitutional and cannot be destroyed by the Legislature. Article 7, section 14, Constitution 1874. See also section 33, *Ib.* The substantial part of the opinion in 117 Ark. 292 is *obiter.* See 76 Ark. 184, 192; 95 *Id.* 385; 73 *Id.* 66, 69; 90 *Id.* 219-221-2; 25 *Id.* 487-9; 27 *Id.* 440-2. As to the remedy by mandamus 25 Ark. 298; 43 *Id.* 33-40; 35 *Id.* 298; 39 *Id.* 82, 88; 125 *Id.* 488. Under the act the appeal must be prayed within the twenty days, but a reasonable time should be allowed the court to make the order. The court should not follow the construction placed on the statute in 117 Ark. 292, as the opinion is *obiter* and not binding and no property rights would be affected.

*Edwin L. Boyce,* for appellee.

1.   While the prayer for appeal was made and filed within the twenty days, yet the order for appeal was not made within the time and the time was not too short. Section 7 of the act fixed the time within within which appeals *must be taken.* It is the *order* which constitutes an appeal, and here the order was not made within the time. 9 Ark. 128; 65 *Id.* 419-21; 92 *Id.* 148-151. This court correctly stated the law in 117 Ark. 292.

2.   Appellant had a clear remedy by mandamus. 35 Ark. 298; 43 *Id.* 33; 110 *Id.* 296.

3.   The time allowed by the act is not unreasonably short; twenty days is ample time within which to perfect the appeal and the judgment should be affirmed.

HUMPHREYS, J.   Maple Slough Drainage District was organized in Jackson County under Act 279 of the Session Acts of 1909, providing for the creation of drainage districts in this State.   Exceptions were filed by appellants to the assessment of benefits, which exceptions were overruled by the county court of said county, on the 20th day of November, 1916.   Ten days thereafter appellants filed an affidavit and prayer for appeal, which was not presented and acted upon by the court until the 8th day of January, 1917, the second day of the next term of court, at which time an appeal was granted by the county court of Jackson County.   Appellee filed a motion in the circuit court to dismiss the appeal, upon the ground that the appeal was not granted by the county court or the clerk of the circuit court within the time prescribed by law.   On September 20, 1918, in term time, the appeal was dismissed, from which judgment of dismissal an appeal has been prosecuted to this court.

The sole question presented by the appeal is whether the order of the county court granting the appeal was made within the time allowed by law.   It is provided in section 7, Act 279, Acts 1909, in reference to the findings of the county court in confirming, increasing or diminishing benefit assessments against property in the district that "its findings shall have the force and effect of a judgment from which an appeal may be taken within twenty days, either by the property owners or by the commissioners of the district."   The method and manner of taking an appeal from an order confirming assessments is not provided for in said act, so the general statute providing for appeals from the county court must control as to the manner and method of perfecting an appeal under said act.   The general statute is as follows:

"Appeals shall be granted as a matter of right to the circuit court from all final orders and judgments of the county court, at any time within six months after the rendition of the same, either by the court rendering the order of judgment or by the clerk of the circuit court, with or without supersedeas, as in other cases at law, by the

party aggrieved filing an affidavit and prayer for appeal with the clerk of the court in which the appeal is taken; and upon the filing of such affidavit and prayer the court rendering the judgment or order appealed from, or the clerk of the circuit court, shall forthwith order an appeal to the circuit court, at any time within six months after the rendition of the judgment or order appealed from, and not thereafter. The party aggrieved, his agent or attorney, shall swear in said affidavit that the appeal is taken because the appellant verily believes that he is aggrieved, and is not taken for vexation or delay, but that justice may be done him.'' Section 1487, Kirby's Digest.

The provision in section 7, Act 279, Acts 1909, in reference to appeals from judgments confirming benefit assessments in drainage districts formed under said act, shortened the time of appeal provided in section 1487, Kirby's Digest from six months to twenty days. *Chicago Mill & Lumber Co.* v. *Drainage Dist.,* 117 Ark. 292. It is specifically provided in section 1487 of Kirby's Digest, that, upon the filing of an affidavit and prayer for an appeal, the county court or the clerk of the circuit court shall forthwith order an appeal to the circuit court. Under section 1348, Kirby's Digest, similar to the statute under consideration, this court ruled that the order granting an appeal within the time prescribed in the statute was a prerequisite to the exercise of jurisdiction by the circuit court. *Matthews* v. *Lane,* 65 Ark. 419; *Walker* v. *Noll,* 92 Ark. 148; *Speed* v. *Fry,* 95 Ark. 148. Applying the same rule of construction to section 1487, Kirby's Digest, modified as to the time by section 7, Act 279, Acts 1909, in respect to appeals from judgments confirming benefit assessments in drainage districts, it is necessary to obtain from the county court or circuit clerk an order granting an appeal within twenty days after the rendition of the judgment in order to give the circuit court jurisdiction. In construing that part of section 3, Act 279, Acts 1909, in reference to appeals from the findings of the county court creating or dissolving the district, in connection with section 1487 of Kirby's Digest, limiting appeals to twenty

days after the rendition of judgment just as they are limited in section 7, Act 279, Acts 1909, this court ruled in the case of *Chicago Mill & Lbr. Co.* v. *Drainage District*, 117 Ark. 292, that, although an affidavit and prayer for an appeal were filed within twenty days, the court could not be compelled to enter an order of appeal after the expiration of the twenty days from the date of the rendition of the judgment. This was tantamount to saying that, in order to perfect an appeal, it was necessary to present the motion for appeal either to the county court rendering the decree or to the circuit clerk for allowance within twenty days from the rendition of the judgment and not thereafter. Unless the motion was presented and order made within the time, the court or circuit clerk was without right to enter the order. Had an application for appeal been made to either, or both, within the time prescribed by the act, and had the court rendering the decree, or the clerk of the circuit court, failed or refused to enter an order granting an appeal, then, in that event, either could have been compelled by mandamus to grant and enter the order as of date it should have been made. *McCreary* v. *Rogers,* 35 Ark. 298; *Pettigrew* v. *Washington County,* 43 Ark. 33. Appellant insists that this case is not ruled by the case of *Chicago Mill & Lbr. Co.* v. *Drainage District, supra,* for the reason that no order for appeal was made in that case, whereas, an order for appeal was made in the instant case. It is true an order for appeal was made in the instant case, but it was applied for and made more than twenty days after the rendition of the judgment. An order made either by the county court rendering the decree or the circuit clerk, after the time has elapsed for taking an appeal under the law, could have no more effect than had no order been made. So we think the exact question presented on the record in the instant case was before the court for determination in the case of *Chicago Mill & Lbr. Co.* v. *Drainage District, supra,* and that the instant case is ruled by that case. But it is strenuously insisted by learned counsel for appellant that the parts of Act 279, Acts 1909, lim-

iting appeals to twenty days is a practical denial of the right of appeal guaranteed by the Constitution and is, therefore, void. There has been a tendency in the legislative department to shorten the time for appeals in matters pertaining to public improvement districts. It is apparent that the intention of the lawmaking power was to provide for the organization of improvement districts and the completion of the improvement as quickly as possible, consistent with the rights of the property owners in the district. One of the rights guaranteed by the Constitution of the State to property owners is the right of appeal. If such a short time were fixed as to destroy this right, then the statute would be unconstitutional. It seems to us that twenty days gives ample opportunity to appeal a case of this character from the county court. The only requirements are that an affidavit and prayer for appeal shall be filed, and the prayer presented to either the court rendering the judgment or the circuit clerk within twenty days, for allowance and order. And especially is this true where, under the procedure of the State, in case of refusal to grant the order or failure or neglect to enter the same, either the court or clerk may be required by mandamus to grant and enter the order of appeal. Certainly the record in the instant case would not warrant a conclusion that injury resulted to appellant by reason of the limited time for perfecting an appeal. For aught that appears in the record, the court may have been open at the time the affidavit and prayer were filed. If so, appellant had ample opportunity to present the prayer for allowance and order. Nor is it shown that the court adjourned until court in course immediately after the rendition of the judgment. If the court remained open, after the rendition of the judgment, from day to day, there is no good reason why appellant could not have presented the prayer for appeal to the court for allowance, nor is any good reason assigned why appellant did not apply to the circuit clerk for allowance and order of appeal, which alternative remedy was provided in section 1487 of Kirby's Digest. We do not

think the limit of twenty days in which to perfect an appeal in this character of case is such an abridgment as to deny or destroy the constitutional right of appeal. The effect of the opinion in the case of *Chicago Mill & Lbr. Co. v. Drainage District, supra,* was to uphold the act as constitutional.

No error appearing in the record, the judgment is affirmed.

Justices HART and SMITH concur on the ground of *stare decisis.*