VIETZ *v*. HAZEN, LAGRUE AND SLOVAK ROAD IMPROVEMENT DISTRICT.

Opinion delivered July 7, 1919.

1.  IMPROVEMENT DISTRICTS—ORGANIZATION—VALIDITY OF STATUTE—FEES FOR PREPARING THE ACT.—Act 107, Acts 1919, is not rendered invalid because of a provision therein for the payment of the expense of the preparation of the act.

2.  SAME—TIME FOR APPEAL.—Act 107, Acts 1919, is not void because it limits the time of appeal from the county court to twenty days.

3.  SAME—TIME FOR BRINGING SUIT—ROAD DISTRICT.—An act creating a road improvement district is not invalid because it limits the time within which suit may be brought relating to the improvement district.

4.  SAME—ROAD DISTRICT—DELINQUENT TAXES—SALE OF LANDS.—Act 107, Acts 1919, is not invalid because it authorizes the commissioners to advertise and sell lands of the district when assessments have been made and not paid, without bringing a proceeding against the owner.

5.  SAME—SAME—PERSONAL LIABILITY OF COMMISSIONERS FOR NEG-
    LIGENCE.—It is proper in an act organizing a road improvement
    district, to provide that the commissioners shall not be personally
    liable for negligence.

6.  SAME—SAME—SALE OF LANDS BY COMMISSIONERS—FIXING PRICE.—
    Under Act 107, Acts 1919, the commissioners of an improvement
    district may sell lands belonging to the district, fixing the price
    for the same.

7.  SAME—SAME—SPECIAL ACT—MOTIVES OF EXECUTIVE IN APPROVING
    A BILL.—This court will not inquire into the motives of the ex-
    ecutive in approving a legislative enactment.

8.  SAME—SAME—LAND OWNERS AS COMMISSIONERS.—A statute creat-
    ing a road district is not avoided because members of the board
    of commissioners are owners of land in the district, nor are the
    commissioners thereby rendered incompetent to act.

Appeal from Prairie Chancery Court, Southern Dis-
trict; *John M. Elliott*, Chancellor; affirmed.

*W. H. Gregory*, for appellant.

1. The act is invalid for many reasons. The de-
fendant's demurrer was to an entire paragraph in which
both the question of due process and the land owner act-
ing as assessor are raised; if either one was well taken
then the demurrer should not have been sustained. 32
Ark. 131; 37 *Id.* 34.

2. The act is unconstitutional because (1) it author-
izes the commissioners to pay the expenses of preparing
the act itself and attorney's fees, which is against public
policy. 6 Corpus Juris 737; (2) the bill for the act was
not approved by the Governor and the method of obtain-
ing his signature was a fraud, against which chancery
will relieve. 83 Ark. 463. (3) The assessment of bene-
fits is provided for but no appeal is provided for from
the hearing before the commissioners and it limits the
time for appeal. The assessments are unequal and un-
fair in their methods. 86 Ark. 1; 48 *Id.* 382; 28 Cyc.
1162-3. The railroad property was assessed too low.
thereby discriminating against other land owners. The
act is wholly void, but if not, then the assessment is on
the wrong basis.

*J. F. Holtzendorff* and *Charles B. Thweatt*, for appellees.

The act is constitutional and valid, as the fact that it is within the legislative power to form an improvement district and assess benefits and levy taxes to pay for betterments is well settled by this court and many others. Citations are unnecessary. The act is not in violation of the "due process" of the Constitution, nor are the assessments excessive or unfair or unjust. The "due process" and "just compensation" clauses have been fully met in this act; a hearing is provided for and the right of appeal given to the courts. 181 U. S. 371; 21 C. 616.

The evidence does not show that the assessments are in excess of benefits. Every presumption is in favor of the act and it not shown to be invalid. It is not void nor is the assessment because land owners acted as commissioners. 103 Ark. 141; 191 U. S. 310; 133 Ark. 133.

None of eight grounds alleged in the complaint as to the invalidity of the act are tenable. 59 Ark. 528; 99 *Id.* 103; 112 *Id.* 346; 72 *Id.* 126; 64 *Id.* 563; 211 S. W. 168; 74 *Id.* 180; 239 U. S. 254; 119 Ark. 188; 94 Ark. 380; 71 *Id.* 215; 72 *Id.* 201; 18 Atl. 328.

The demurrer was properly sustained to the paragraph containing the eight grounds of invalidity.

The assessment of benefits and the apportionment of same were not erroneous but according to law and justice. Page & Jones on Taxation, etc., p. 1103; 114 N. Y. 441; 21 N. E. 1004; 164 U. S. 112; 108 Ark. 421; 209 S. W. 728; 97 Ark. 343; 201 S. W. 709; 209 *Id.* 728; 201 *Id.* 808; 64 Ark. 265.

There was no error in the railway assessment nor in its reduction. It was not arbitrary nor unequal nor unjust. 209 S. W. 728.

The findings of the chancellor that the assessments are fair, equal and just are correct and should be sustained.

*Cooper Thweatt* and *Emerson, Donham & Shepherd,* amici curiae.

The suit was not filed in good faith, with a desire or view to ascertain the legality of the proceedings and should be passed until the Creger case is reached and the two cases should be heard together. We call attention to some cases where other courts have handled similar situations. 44 N. E. 413; 53 *Id.* 1102; 21 U. S. (Lawy. ed.) 141; 79 S. E. 676.

We think this suit is collusive and not in good faith and should be postponed.

McCULLOCH, C. J. This is an action instituted in the chancery court of Prairie County attacking the validity of a special statute enacted by the General Assembly of 1919 creating a road improvement district in Prairie County. Act No. 107, session of 1919.

Appellant owns property in the district, and, in addition to the attack on the validity of the statute, he challenges the legality and fairness of the assessment of benefits made by the commissioners. The cause was heard upon oral testimony and there was a decree entered by the chancery court dismissing the cause for want of equity. Another property owner in the district brought a similar suit attacking the validity of the statute on precisely the same grounds as involved in the present action, but that cause has not been decided below. Counsel for plaintiff in that suit have appeared here, however, and asked leave to file a brief, and permission was given for them to do so, but instead of filing brief on the merits of the case they merely filed an abstract of the record in their case for the purpose of showing identity of the issues involved, and they ask for the postponement of the hearing of the present case until their case can be brought here on appeal. We see no reason for postponing the hearing of this case, but, of course, the conclusion we reach in the present case will not affect the rights of the litigants in another cause on a different state of facts, if it is developed that the facts are different.

The several grounds of attack on the validity of the statute are summarized in the briefs as follows:

"(1) Because it authorizes the commissioners to pay expenses of preparing the act itself; (2) because it limits the right of appeal from a judgment of a county court to twenty days, which is contrary to the general law of the State, allowing six months' time for appeal; (3) because it limits the time within which suit may be brought relative to said improvement district, contrary to the general statute of limitations; (4) because it authorizes the commissioners to advertise and sell lands of the district where assessments have been made and not paid, without bringing a proceeding against the owner, but by description of the land only; (5) because it authorizes the commissioners to assess and tax against the property in the district the cost of organizing and promoting said district even though no improvements were made thereon; (6) because it provides that the commissioners shall not be liable for negligence; (7) because it authorizes the commissioners to sell any land which may be purchased by the district at any price and upon any terms, thereby ignoring the rights of property owners entirely; (8) because the act was not approved by the Governor as required by law, in that after the act had been passed by both houses of the Legislature a protest was filed with the Governor asking that he veto the same, the hearing upon the protest was set for a certain day and in the interim the Governor was absent from the State and the promoters of the act, including the representative of Prairie County and one of the commissioners, with full knowledge of all these facts, presented the bill to the Lieutenant Governor or Acting Governor and induced him to approve and sign said bill before the date set for said hearing, concealing from him the facts, which amounted to fraud, and said bill was therefore not legally approved or signed by the Executive of the State; (9) because each one of the three commissioners is a large landowner in the district, and each one of the commissioners is authorized to act as an assessor and to act

as a judge in passing on issues as to the amount of the assessments, which is contrary to that clause of the Constitution that no person shall sit as a judge in his own case.''

(1) Nearly all of the questions stated above have been expressly decided by this court against the contention of appellant. We decided in the recent case of *McClelland* v. *Pittman,* 139 Ark. 341, that a provision in a statute creating a road improvement district which authorizes payment of legal expenses of preparing the statute and other work in promoting the formation of the district before the passage of the statute, even if void and unenforceable, does not render the whole statute invalid. This answers the first and fifth grounds of attack stated above.

(2) The second ground of attack, that the limitation on the right of appeal is void, is answered by the decision of this court in *St. Louis, Iron Mountain & Southern Railway Company* v. *Maple Slough Drainage District,* 138 Ark. 131, 211 S. W. 168.

(3) According to the principles which control in that and other cases, the third ground of attack is also untenable. We have repeatedly upheld a similar provision in general statutes with reference to improvement districts in cities and towns.

(4) The fourth ground of attack seems to be that the Legislature has no authority to authorize a foreclosure of a tax lien by proceedings *in rem,* or by proceedings in the nature of proceedings *in rem,* but we have upheld such authority in cases dealing with a similar provision in other special statutes creating improvement districts, as well as general statutes authorizing organization of improvement districts in municipalities. *McCarter* v. *Neil,* 50 Ark. 188; *Greenstreet* v. *Thornton,* 60 Ark. 369; *Ballard* v. *Hunter,* 74 Ark. 174.

(5) No reason is stated in the brief why we should strike down the provision in the statute to the effect that the commissioners shall not be liable for negligence. Such provision is found in most of the statutes on this subject enacted in this State, and no attack has ever been

made on any of the statutes because of such provision. Commissioners act in a representative capacity and the question of personal liability for their own acts is a matter which is within the control of the Legislature.

(6)   Neither is any reason given why it is beyond the power of the Legislature to authorize the commissioners to fix the terms for the sale of lands which the district may acquire. That is a matter entirely within legislative control and there is no constitutional restriction upon the power of the Legislature in this regard.

(7)   The eighth ground of attack cannot be sustained, as it is not within the province of the courts to inquire into the motives of the Chief Executive in approving or disapproving an act of the General Assembly. The motives and conduct of the Chief Executive, as well as members of the Legislature, are not proper matters for review by the courts when they are acting within the scope of their constitutional functions.

(8)   The last contention is that the act is void because it names as the commissioners of the district and ex-officio assessors men who are large land owners in the district. We decided in the case of *St. Louis, Iron Mountain & Southern Ry. Co.* v. *Board of Directors,* 103 Ark. 141, that the fact that members of the board of commissioners of an improvement district were owners of land in the district did not avoid the statute or render the members of the commission incompetent to act.

In the attack on the validity of the assessments of benefits numerous objections are made with respect to the failure of the commissioners to comply with the terms of the statute, such as the requirement to take the oath of office and of filing with the county court plans and estimates and other such matters, but the record presented shows that those requirements were fully complied with.

Other grounds for setting aside the assessments are stated in the pleadings as follows:

"That the commissioners did not make a fair and equitable assessment and assessed the lands of the commissioners, J. F. Sims and T. T. Sims, at a much lower

basis and amount than that assessed against the lands of the plaintiff and other land owners, taking into consideration the amount of real benefits to said lands; that the commissioners, after assessing the benefits against the Chicago, Rock Island & Pacific Railway Company and the St. Louis Southwestern Railway Company, voluntarily decreased the same to avoid litigation and prevent said railways from instituting proceedings to test the validity of the act and the proceedings of the district, which reduction correspondingly increased the assessment against the land of the plaintiff.''

Oral testimony was heard by the court concerning the method of assessment and the reasons for reducing the assessments of the railway corporations mentioned, and we are of the opinion that the evidence justified the court in refusing to declare the assessments to be discriminatory and void. A discussion of the testimony in detail would serve no useful purpose.

Upon the whole we are unable to discover any reasons for declaring invalid either the statute itself or any of the proceedings thereunder. The decree is, therefore, affirmed.

HUMPHREYS, J., not participating.