WOOD *v.* GORDON.

4-7468　　　　　　　　　　　　183 S. W. 2d 517

Opinion delivered November 20, 1944.

*J. A. Watkins,* for appellant.

*U. A. Gentry,* for appellee.

KNOX, J. Begun by appellee as an action at law in ejectment to establish his title to the N½ of NE¼, and N½ of SW¼ of NE¼, all in section 8, township 1 north, range 10 west, Pulaski county, Arkansas, this cause, during the progress thereof, became converted to a suit in equity, the purpose of which was to cancel a certain decree previously rendered foreclosing the lien for betterments held by Faulkner Lake Drainage District covering the one hundred acres above described.

Appellants are the heirs of Edward Wood, who at the time of his death, some forty years ago, was the owner of the land above described. But for the claim of appellee, appellants would now be the owners in fee simple as tenants in common of such land.

Many statements hereinafter contained purporting to represent facts disclosed by the former case frequently have been obtained from statements contained in copies of documents set out as exhibits to pleadings and other matters contained in the former case.

Appellee acquired his claim of title by purchase from Faulkner Lake Drainage District, which became purchaser at foreclosure sale instituted and conducted by it for enforcement of assessments of benefits, which cause was concluded many years ago.

The Faulkner Lake Drainage District was created under Act No. 279 of the Acts of the General Assembly of 1909, and acts amendatory thereof (Pope's Digest, §§ 4455, *et seq.*).

Complaint was filed in the Pulaski chancery court by the Board of Commissioners of the Faulkner Lake Drainage District, to foreclose as to lands herein involved for the nonpayment of taxes due on the first Monday in January, 1932. Decree was rendered on the 27th day of July, 1936, in which it was found that there were due and unpaid certain assessments, and it was decreed that the lands be sold in satisfaction of said judgment, it being

recited in the decree that notice of the pendency of the suit had been given for the time and in the manner prescribed by law.

Notice of the sale was given by publication in the *Arkansas Gazette*. At the sale of said property the District became the purchaser, and many years later assigned its certificate of purchase to appellee, Sam Gordon, and upon the expiration of the period for redemption, Sam Gordon petitioned the court for an order authorizing the Commissioner in Chancery to make a deed to Sam Gordon. The chancery court made the order directing the commissioner to execute a deed covering the north half (N½) of the northeast quarter (NE¼), section 8, township 1 north, range 10 west, Pulaski county, Arkansas, on April 27, 1943, and a similar order was made covering the remaining lands on May 6, 1943.

Thereafter, on July 15, 1943, Sam Gordon, appellee, filed a suit in ejectment in the Pulaski circuit court against appellants, asking for possession of said property. On October 5, 1943, appellants filed their answer and cross-complaint and motion to transfer to equity, which motion to transfer to equity was granted and the cause was duly transferred to the Pulaski chancery court by order of the circuit court entered on the 15th day of October, 1943. Formal answer to the cross-complaint was filed, denying all of the material allegations thereof. After the transfer of said cause to the Pulaski chancery court, appellants, on October 13, 1943, filed amendment to answer, and on March 9, 1944, a second amendment to answer was filed. In the answer and respective amendments thereto, it is admitted that the lands were situated within the boundaries of the Faulkner Lake Drainage District and that, on the 27th day of July, 1936, a decree was rendered by the Pulaski chancery court condemning said lands to be sold for the nonpayment of taxes levied upon benefit assessments in said district, and that the said lands were sold pursuant to said decree to said district, and that, on the 20th day of April, 1943, the Board of Commissioners of said district assigned the certificate of purchase to appellee, and that

appellee obtained a deed from the commissioner in chancery for said lands. It was alleged, however, that the proceedings for the sale of said lands for delinquent assessments were void, for the reasons that, first, the assessed benefits against said lands were in excess of the assessed valuation for general taxes; second, the suit by said drainage district was filed on the 27th day of December, 1933, but was dropped, or should have been dropped, from the docket and was reinstated after more than two and one-half years, without notice to appellants; third, the notice of sale was published for three times in a daily newspaper in Little Rock, when the law required the publication for only two times, and that the cost of the extra and unnecessary publication was charged pro rata against the lands involved; and, fourth, the Board of Commissioners of the Faulkner Lake Drainage District assigned its certificate of purchase to Sam Gordon without notice to appellants, notwithstanding appellants had paid the assessments for 1940, 1941 and 1942.

By amendment to the answer, it was alleged that appellants were in possession of the land and that appellants and their predecessor had been in possession of the property for a period of more than forty years. It was alleged that suit had been filed for delinquent taxes in Faulkner Lake Drainage District and that notice of the suit had been published for four weeks in succession. It was alleged, however, that the judgment foreclosing the lien for benefit assessments was void, for the reasons, viz., first, there had been no personal service of summons on appellants; second, that there was no showing on the part of the appellee that he was in possession of the lands or that he had paid taxes thereon for at least three years after the expiration of the right of redemption and immediately prior to the application to confirm as provided by § 10979 of Pope's Digest; and, third, that appellee had not filed his affidavit or the affidavit of some person familiar with the lands, showing that there was no person in actual possession of the lands claiming title adverse to the appellee, and that he had not filed copies of the tax receipts showing payment of the taxes

for three years next preceding the publication of the notice to confirm, as provided in § 10981 of Pope's Digest. A second amendment to the answer was filed, but it appears to be a repetition of the first amendment, in that it alleges that appellee cannot prevail because there was not filed with the complaint his affidavit, or the affidavit of someone acquainted with the lands, showing that there was no one in actual possession of the lands claiming adverse to appellee, and copies of tax receipts showing payment of the taxes for three years next preceding the application to confirm, and that the foreclosure of the lands for delinquent assessments in Faulkner Lake Drainage District was void for the reason that notice of the sale had been published three times and the cost of the one unnecessary publication was included in the amount for which the lands were sold.

The case was submitted to the court upon the pleadings and exhibits thereto, stipulation of the parties, and exhibits which were introduced by agreement of the parties. Appellants abstracted few of these exhibits.

The defense set forth by appellants will appear in more detail in the discussion of their argument made in this court.

Appellants contend here that the original decree is fatally defective because: (1) Appellants, and none of them, were personally served with process; (2) the land was sold for an excessive amount of taxes, penalty and costs; (3) the notice of sale was published one more time than required by statute and the cost of this extra publication added into total cost of sale; (4) an adverse claim of title existed to that of appellee which prevented confirmation at time of original suit, under the provisions of § 10979 of Pope's Digest; (5) no affidavit was filed showing that only appellee was in possession, which affidavit appellee alleged to be required by § 10981 of Pope's Digest, and (6) appellee failed to exhibit at the trial tax receipts showing tax payments by appellee for the past three years, and deed under which he holds, alleged to be required by § 10982.

Appellants' argument that failure of appellee to observe the requirements set forth in the sections of Pope's Digest above referred to defeats the sale appears to be based on the premise that this is an action to quiet title, sometimes referred to as a confirmation suit, which action is provided for in Chapter 136 of Pope's Digest. The sections of the digest relied on by appellants are all included in the chapter of the digest referred to relating to quieting title and have no application to or connection with a suit of the character here presented.

As above stated, this cause was begun by appellee as an action in ejectment, but during the progress thereof, became converted to a suit in the nature of one to set aside a prior judgment. The sections of the statute quoted and relied upon apply only in actions to quiet title, brought under the statute providing for such actions.

Appellants' argument that the judgments are void for lack of proper service has been foreclosed by prior decisions of this court. As before stated, Faulkner Lake Drainage District was organized under Act 279 of the Acts of the General Assembly of 1909, and acts amendatory thereof, now appearing as §§ 4455 et seq., of Pope's Digest. Sections 4482 and 4483 of Pope's Digest provide that assessments in such improvement districts shall be enforced by foreclosure suit in the chancery court where the land lies. Section 4482 specifically provides that "notice of the pendency of suit shall be by publication," etc. Such section later provides that "such proceedings . . . shall be in the nature of proceedings in rem, and judgment enforced against the lands and . . . not against other property . . . of defendant."

It is clear that the method provided by the statute, for obtaining service and acquiring jurisdiction, is publication of notice and not delivery of a summons to the owner of the land.

Appellants' argument that such method of service is contrary to constitutional sanction has been before the court before, and such argument rejected.

In the case of *Vietz* v. *Road Imp. Dist.*, 139 Ark. 567, 214 S. W. 50, it was said: ''The fourth ground of attack seems to be that the Legislature has no authority to authorize a foreclosure of a tax lien by proceedings *in rem*, or by proceedings in the nature of proceedings *in rem*, but we have upheld such authority in cases dealing with a similar provision in other special statutes creating improvement districts, as well as general statutes authorizing organization of improvement districts in municipalities.''

In the case of *Hobbs* v. *Lenon*, 191 Ark. 509, 87 S. W. 2d 6, it was said: ''In the State's foreclosure suit against the mortgaged land, the only subject-matter there involved was the specific mortgaged land and the application of the land to the payment of the debt secured thereby, an action strictly *in rem*. The Pulaski County Chancery Court was, by the act of January 16, 1861, vested with jurisdiction of suits for that purpose. The mortgaged land was made the subject-matter involved. No person could be made defendant. Constructive service by publication was the only service required or contemplated by the act. The record here shows the provisions of the act were followed in said proceedings giving the chancery court jurisdiction over the mortgaged land. And, having acquired jurisdiction of the subject-matter, its decree therefore would not be subject to collateral attack.

''It is equally well settled that judgments and decrees entered upon constructive service by publication will be given the same favorable presumption as judgments and decrees upon personal service. *Crittenden Lbr. Co.* v. *McDougal,* 101 Ark. 390, 142 S. W. 836; *Price* v. *Guinn,* 114 Ark. 551, 170 S. W. 247, L. R. A. 1915C, 158; *State ex rel. Attorney General* v. *Wilson,* 181 Ark. 683, 27 S. W. 2d 106, as was held by us in the Turley case, *supra* (188 Ark. 1069, 69 S. W. 2d 882), that the rigor of the rule is not modified or impaired because the proceeding was one *in rem* and not *in personam*.

" 'The proceeding it authorized is *in rem,* and the jurisdiction it exercised under it, and the process by which that jurisdiction is acquired, have been upheld so often by this court in similar cases that it is sufficient now to cite the decisions in which they have been sustained,' citing *St. Louis, etc., Ry.* v. *State,* 47 Ark. 323, 1 S. W. 556; *Williams* v. *Ewing,* 31 Ark. 229; *Williamson* v. *Mimms,* 49 Ark. 336, 5 S. W. 320; *McCarter* v. *Neil,* 50 Ark. 188, 6 S. W. 731; *Doyle* v. *Martin,* 55 Ark. 37, 17 S. W. 346; *Gregory* v. *Bartlett,* 55 Ark. 30, 17 S. W. 344; *McLain* v. *Duncan,* 57 Ark. 49, 20 S. W. 597; *Scott* v. *Pleasants,* 21 Ark. 364; *McLaughlin* v. *McCrory,* 55 Ark. 442, 18 S. W. 762, 29 Am. St. Rep. 56; *Worthen* v. *Ratcliffe,* 42 Ark. 330. See, also, *Parker* v. *Overman,* 18 How. 137, 15 L. Ed. 318; *Pennoyer* v. *Neff,* 95 U. S. 714, 24 L. Ed. 318; *Boswell's Lessee* v. *Otis,* 9 How. 336, 13 L. Ed. 164.''

Counsel for appellants call our attention to the recent case of *Eddy* v. *Schuman,* 206 Ark. 849, 117 S. W. 2d 918, decided February 21, 1944, in which we held that commissioners of the district were charged with the duty to obtain a fair purchase price for resale. Here we have a case where for slightly more than $200, one hundred acres of river bottom land located near the city of Little Rock were sold. There is no proof of the value in the record, and while doubtless it is worth much more, allegations and proof of such fact are lacking. The primary answer to appellants' contention, however, is that this is not a class suit brought for the benefit of the district as a whole, but a private suit to recover these lands for the benefit of original owners.

Appellee concedes that the notice of sale was published once more than the statute requires, and says that excessive costs incurred in this manner renders the sale void under the rule announced in the recent case of *Lumsden* v. *Erstine,* 205 Ark. 1004, 172 S. W. 2d 409, but counsel voices his disapproval of that case, and calls upon this court to overrule it. The rule there announced is the law. Many times prior to the Lumsden-Erstine opinion, we had declared that decrees of confirmation had

in accordance with the provisions of Act 119 of 1935 barred all rights except those going to the "power to sell." In that opinion we declared that the inclusion of an excessive amount of costs defeated the power to sell. We are unable to see how this rule could have effect in a collateral attack on a sale conducted in a court of equity for the foreclosure of assessment liens for improvement district betterments, mortgages, or other types of liens usually foreclosed by equitable proceedings.

Finding no error, the decree is affirmed.