Charles MOORE et al *v.* Karen MEARS et al

81-123                                        619 S.W. 2d 662

Supreme Court of Arkansas
Opinion delivered July 20, 1981
[Rehearing denied September 14, 1981.]

*Q. Byrum Hurst, Jr.*, for appellants.

*Wood, Smith & Schnipper*, for appellees.

JOHN I. PURTLE, Justice. On July 14, 1980, the County Court of Garland County held a contested hearing on the matter of forming Piney Sewer Improvement District No. 32 of Garland County. On the same date the court approved and issued an order forming the suburban improvement district. The protestants filed an appeal in the county court. On December 1, 1980, the Circuit Court of Garland County dismissed the appeal at the request of the appellees. On appeal it is argued that the circuit court erred in dismissing the appeal. We do not agree with the appellants' contention for reasons to be stated later in this opinion.

The facts reveal that the county court heard the petition for formation of Piney Sewer Improvement District No. 32 of Garland County and issued an order of approval. On August 5, 1980, the protestants filed a notice of appeal in the county court in which they designated the entire record and stated that the transcripts had been ordered from the county clerk. The appellants took no further action until the

appellees filed a motion to dismiss in the county court on September 22, 1980. The following day appellants filed an affidavit in the county court as required by Ark. Stat. Ann. § 27-2001 (Repl. 1979). On November 19, 1980, the county judge held a hearing after which an order was issued holding that the appeal was filed in the time and manner required by law but that the county court lacked jurisdiction to decide the issues on appeal. The county court further held that the Garland County Circuit Court would be the proper place for the lodging of transcripts for the perfection of an appeal from the county court to the circuit court. The order denied the appellees' motion to dismiss and held that it would be in the best interest that a trial *de novo* be held in the Garland County Circuit Court. On November 24, 1980, the appellees filed a motion in the Garland Circuit Court asking that the appeal be dismissed. The Circuit Court of Garland County entered an order of dismissal on December 1, 1980. The dismissal order recited that the motion to dismiss was being treated as a petition for certiorari to review the action of the county court. The court then held that the protestants did not perfect the appeal within 30 days from the date of the entry of the original county order. It was the further holding of the court that the matter was governed by Ark. Stat. Ann. § 20-702 (Repl. 1968). Finally, the circuit court held that the order by the county court on November 19, 1980, was in error and should be vacated and that the order entered by the county court on July 14, 1980, was a valid order which established Piney Sewer Improvement District No. 32 of Garland County, Arkansas.

This appeal is reduced to the single question of whether appellants used the proper procedure in appealing from the Garland County Court order approving the suburban improvement district. Appellants rely upon Ark. Stat. Ann. § 27-2001 (Repl. 1979) which states:

Appeals shall be granted as a matter of right to the circuit court from all final orders and judgments of the county court relating to any bond issue at any time within thirty (30) days after the rendition of the same, and from all other final orders and judgments of said court at any time within six (6) months after the

rendition thereof, either by the court rendering the order or judgment or by the clerk of the circuit court of the proper county, with or without supersedeas, as in other cases at law, by the party aggrieved filing an affidavit and prayer for an appeal with the clerk of the court in which the appeal is taken; and upon the filing of such affidavit and prayer the court rendering the judgment or order appealed from or the clerk of the circuit court shall forthwith order an appeal to the circuit court at any time within thirty (30) days after the rendition of the judgment or order appealed from in the case of a judgment or order relating to a bond issue and at any time within six (6) months after the rendition of any other judgment or order, and not thereafter. The party aggrieved, his agent or attorney shall swear in said affidavit that the appeal is taken because the appellant verily believes that he is aggrieved, and is not taken for vexation or delay, but that justice may be done him.

On the other hand, the appellees rely upon Ark. Stat. Ann. § 20-702 (Repl. 1968) which states in pertinent part:

... Any petitioner or any opponent of the petition may appeal from the judgment of the County Court creating or refusing to create the district, but such appeal must be taken and perfected within thirty (30) days. If no appeal is taken within that time, the judgment creating the district shall be final and conclusive upon all persons. ...

It is apparent that there is some conflict between these two statutes. We note from the beginning that § 20-702 (Act 41 of 1941) is a part of that chapter dealing exclusively with suburban improvement districts. The general statute governing appeals from county courts is § 27-2001 and has been basically on the records since 1883. In 1965 it was amended in part to reduce to 30 days the time in which appeals of county court orders relating to bond issues must be taken but left intact the general 6-month provision for other appeals. This may well have been an effort on the part of the legislature to cause this statute to be consistent with the one previously

quoted on suburban improvement districts. Both statutes now require an appeal within 30 days, if it is a matter involving a bond issue or a suburban improvement district.

Since § 20-702 is specific legislation relating to suburban improvement districts, we believe it should control in the event of conflict with other statutes. We have held that special statutes relating to drainage districts supersede the general statute. *Drainage District No. 1* v. *Rolfe*, 110 Ark. 374, 161 S.W. 1034 (1913); *Chicago Mill & Lumber Co.* v. *Drainage District*, 117 Ark. 292, 174 S.W. 566 (1915).

Having decided that § 20-702 is controlling, we then turn to the issue of whether appellants perfected their appeal in a timely manner. Since § 20-702 does not specify the manner of perfecting appeal, we must look to the general statute which is § 27-2001. This statute requires that the aggrieved party file an affidavit and prayer for an appeal with the clerk of the court in which the appeal is taken. We have held that the spirit and purpose of this statute has been attained by the affidavit and prayer being timely filed with the county court or the clerk of the circuit court. *Wollard* v. *Light, Judge*, 222 Ark. 287, 258 S.W. 2d 886 (1953). Such holding remains applicable today in those matters which do not relate to a bond issue or suburban improvement district.

In the case of *St. Louis & Iron Mountain Southern Railway Co.* v. *Drainage District*, 138 Ark. 131, 211 S.W. 168 (1919), the sole question presented to this court was whether an order of the county court granting an appeal was made within the time provided by law. The decision dealt with § 27-2001 which was then codified as Kirby's Digest § 1487. The subject matter of the lawsuit was whether a timely appeal had been perfected from an order relating to a drainage district. The act creating the authority for the districts had shortened the time of appeal as set out in § 27-2001 from 6 months to 20 days. The court, relying on *Chicago Mill & Lumber Co.* v. *Drainage District*, supra, stated that the 20 days was tantamount to saying that in order to perfect an appeal it was necessary to present the motion for appeal either to the county court rendering the decree or to the circuit clerk for allowance within 20 days.

There we held that unless the motion for appeal was presented and the order made within the 20 days, the county court or the circuit clerk was without right to enter an order thereafter. We finally held that the only requirement for an appeal were that an affidavit and prayer for appeal should have been filed and the prayer presented to either the county court or the circuit clerk within the 20 days.

Having reached the conclusion that the 30-day time within which to appeal is controlling, we now hold that the appellants failed to perfect the appeal either with the county court or the circuit court within 30 days. The appellants filed the affidavit to perfect the appeal as required by § 27-2001 on September 23, 1980, which was beyond 30 days from the date of the order approving formation of the district. The affidavit required by this statute may be waived by the opposing party. However, if there is an objection, it is jurisdictional. *Wulff* v. *Davis*, 108 Ark. 291, 157 S.W. 385 (1913); *Tuggle* v. *Tribble*, 173 Ark. 392, 292 S.W. 1020 (1927). In the present case the appellees rather vigorously objected to the late filing of the affidavit.

Affirmed.